IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JESSICA WROBLESKI and MUHAMAD UMAR WROBLESKI, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
| v. | ) | Civil Action No. 2:14-0060 |
|  | ) |  |
| ACS, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM OPINION**

**Conti, Chief District Judge**

**I.  Introduction**

Pending before the court is plaintiff Jessica Wrobleski's ("Wrobleski") motion to reopen this case. (ECF No. 12.)  For the reasons that follow, that motion will be denied.

**II.  Procedural Background**

Plaintiff commenced the instant action by filing a *pro se* complaint and a motion for leave to proceed *in forma pauperis* on January 15, 2014.  (ECF No. 1.)  The court granted plaintiff's motion and docketed plaintiff's complaint on September 12, 2014.  (ECF No. 5.)  Plaintiff subsequently filed two "motions for emergency jurisdiction" on September 12, 2014, and December 15, 2014.  (ECF Nos. 6, 9.)  However, plaintiff failed to effectuate service of her complaint, despite being granted an extension of the time period in which to do so.  (ECF No. 8.)

On March 18, 2015, the court ordered plaintiff to show cause on or before April 8, 2015 as to why the case should not be dismissed for failure to prosecute.  (ECF No. 10.)  Plaintiff

failed to respond to the court's order. Consequently, the court dismissed this action, without prejudice, on April 24, 2015. (ECF No. 11.)

On May 27, 2015, plaintiff filed the instant motion to reopen. (ECF No. 12.) In her motion, plaintiff contends that she attempted to file a motion for extension of time to effectuate service, but the Clerk of Courts never received or docketed the motion. (Id.) She does not explain why she failed to respond to the court's show cause order. (Id.)

### III. Factual Background

Based on the allegations in her underlying complaint and emergency motions, plaintiff appears to be attempting to assert a civil rights claim pursuant to 42 U.S.C. § 1983 against several New York state officials involved in the removal of her minor son from her custody. (ECF No. 1; ECF No. 9.) According to documents submitted in conjunction with her second emergency motion, plaintiff's son was born on October 9, 2013. (ECF No. 9-4 at 10.) Plaintiff asserts that her constitutional rights have been violated because state officials have falsely accused her of having serious mental health issues (or of not properly seeking treatment for her mental health issues) in order to deprive her of custody of her son. (ECF No. 9.) Plaintiff asks this court to exercise "emergency jurisdiction" over her son's placement and award monetary damages for the alleged constitutional deprivations. (ECF No. 1 at 1.)

### IV. Discussion

The court construes plaintiff's motion as a motion to reopen pursuant to Federal Rule of Civil Procedure 60(b). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances …." Atkinson v. Middlesex Cnty., 610 F. App'x 109, 112 (3d Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005)). Apropos to the instant case, Rule 60(b)(1) permits an order or judgment to be set aside

"where there has been 'mistake, inadvertence, surprise, or excusable neglect.'" Choi v. Kim, 258 F. App'x 413, 415 (3d Cir. 2007) (quoting Fed. R. Civ. P. 60(b)(1)). Plaintiff contends that her failure to perfect service should be excused because she attempted to file a motion for an extension that was never docketed. (ECF No. 12.) She appears to suggest that either the clerk's office or FedEx lost her certified mail or that it was returned to sender. (ECF No. 12 at 1.) She does not address her failure to respond to the court's March 18, 2015 show cause order.

Critically, Rule 60(b) "applies only to final judgments and orders." Penn W. Assocs., Inc. v. Cohen, 371 F.3d 118, 125 (3d Cir. 2004) (internal quotation marks omitted). "Ordinarily, an order dismissing a complaint without prejudice is not a final order unless the applicable statute of limitations would not permit the re-filing of the claims." Core Commc'ns, Inc. v. Verizon Pa., Inc., 493 F.3d 333, 337 (3d Cir. 2007). As the Court of Appeals for the Third Circuit recently explained:

> While "an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint," Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2012), "[t]his principle . . . does not apply if the statute of limitations has run by the time the court orders dismissal without prejudice" . . . Brennan v. Kulick, 407 F.3d 603, 606-07 (3d Cir. 2005). After the statute of limitations has run, an unconditional dismissal without prejudice is considered final. Id. at 606.

Atkinson, 610 F. App'x at 111-12 (footnote omitted).

The operative court order, issued on April 24, 2015, dismissed plaintiff's complaint without prejudice. (ECF No. 11.) In order to determine whether that order constitutes a final order subject to Rule 60(b), the court must determine whether the statute of limitations on plaintiff's claims had run as of that date. See id. at 112 ("[W]e must determine if the statute of limitations on Atkinson's claims had expired as of May 31, 2011, the date of the Dismissal Order.").

3

The statute of limitations for bringing a civil rights suit under § 1983 is the same as the state statute of limitations for bringing a personal injury action. See Estate of Lagano v. Bergen Cnty. Prosecutor's Office, 769 F.3d 850, 859 (3d Cir. 2014). In Pennsylvania, that period is two years. Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); 42 Pa. Con. Stat. § 5524. Although plaintiff's complaint does not indicate on what dates the alleged violations occurred, exhibits attached to her emergency motion indicate that her son was born on October 9, 2013, and removed from plaintiff's care on October 10, 2013. (ECF No. 9-4 at 10.) Each of the violations alleged in her complaint must necessarily have occurred after that date. Consequently, the two-year statutory period for plaintiff's claims could not have expired any earlier than October 9, 2015. Because the court's order dismissing those claims without prejudice was issued on April 24, 2015, well before the expiration of the statutory period, that order was not a final order. See Atkinson, 610 F. App'x at 111-12; Ahmed, 297 F.3d at 207 ("[A]n order dismissing a complaint without prejudice is not a final order so long as the plaintiff may cure the deficiency and refile the complaint."); Brennan, 407 F.3d at 606 ("[A]n order dismissing a complaint without prejudice is not a final and appealable order . . . [unless] the statute of limitations has run by the time the court orders dismissal without prejudice."). As such, relief pursuant to Rule 60(b) is unavailable and plaintiff's motion must be denied.[1]  Penn West, 371 F.3d at 125 (holding that

---

[1] Even if the court had jurisdiction to consider plaintiff's motion to reopen, that motion would be denied. A motion seeking relief for "excusable neglect" requires the court to consider: (1) the danger of prejudice to the non-movants, (2) the length of delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. See Pioneer Investment Services v. Brunswick Ass'n, 507 U.S. 380, 395 (1993). In her motion, plaintiff suggests that she attempted to seek an extension of the time to effectuate service but that the clerk's office never received her request. (ECF No. 12.) However, she offered no explanation for her disregard of the court's show cause order. Although the length of the delay occasioned by those failures is not significant, the cause of these delays – her disregard of court orders - was entirely within plaintiff's control. Based on the foregoing, the court would conclude that the third and fourth Pioneer factors each weigh heavily against Rule 60(b) relief. See, e.g., Choi, 258 F. App'x at 415-16 (holding that plaintiff's "failure to serve the defendant" and "respond to the District Court's orders" represented inexcusable neglect under Rule 60(b)(1)).

"relief is unavailable under Rule 60(b)" in the absence of a final order). Should plaintiff still wish to pursue her claims, her proper recourse is to file another suit.

**V.      Conclusion**

For all the foregoing reasons, plaintiff's motion to reopen (ECF No. 12) will be DENIED.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

Dated: February 2, 2016